Bruce J. Castleton      ISB No. 6915]
CASTLETON LAW PLLC
10400 Overland Road #238
Boise, ID    83709
Telephone No. (208) 629-4590
Facsimile No. (208) 509-4814
bruce@castletonlegal.com

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALESHEA L. BOALS,<br><br>        Plaintiff,<br><br>vs.<br><br>CANYON COUNTY SHERIFF'S OFFICE; and<br>SHERIFF KIERAN DONAHUE, in his<br>individual capacity,<br><br>        Defendants. | Case No. 1:22-cv-00179-REP<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED FIRST AMENDED COMPLAINT (JURY DEMANDED)** |

Defendants, by and through their attorney of record, the law firm of Castleton Law PLLC,
answer Plaintiff's First Amended Complaint and Demand for Jury Trial on file herein as follows:

1.       Defendants deny each and every allegation contained in Plaintiff's First Amended
Complaint not herein specifically and expressly admitted.   Defendants reserve the right to amend
this and any other answer or denial stated herein, once it has had an opportunity to complete
discovery regarding the allegations contained in Plaintiff's First Amended Complaint.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
(JURY DEMANDED) -  1.**

2.      Unless answered specifically, Defendant Donahue denies each allegation for lack of specific knowledge.

## I.      NATURE OF THE CASE

3.      Answering paragraph 1 of Plaintiff's First Amended Complaint, this is merely a summary of Plaintiff's legal claims and Defendants need not admit or deny the same.

4.      Answering paragraphs 2 and 3 of Plaintiff's First Amended Complaint, Defendants deny.

## II.      PARTIES

5.      Answering paragraph 4 of Plaintiff's First Amended Complaint, Defendants admit Plaintiff was employed by Canyon County at all times relevant to the Amended Complaint and that she is an adult, but deny the remaining allegations for lack of specific knowledge.

6.      Answering paragraph 5 of Plaintiff's First Amended Complaint, Defendants admit.

7.      Answering paragraph 6 of Plaintiff's First Amended Complaint, Defendants admit only that Defendant Donahue was the duly elected Sheriff of Canyon County at all times relevant.

## III.      EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.      Answering paragraphs 7 through 9 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff filed a Notice of Tort Claim and a Charge of Discrimination, which documents speak for themselves. Defendants deny the remaining allegations for lack of specific knowledge.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
(JURY DEMANDED) -  2.**

## IV.    JURISDICTION AND VENUE

9.      Answering paragraphs 10 and 11 of Plaintiff's First Amended Complaint, Defendants acknowledge that this Court has jurisdiction over properly pled matters involving Plaintiff's allegations; however, in making this acknowledgment, Defendants do not admit that any such matters are actually properly pled in Plaintiff's First Amended Complaint, or that the facts set forth in Plaintiff's First Amended Complaint actually justify the exercise of such jurisdiction.    To the extent this Court has jurisdiction over these matters venue is proper.

## V.    GENERAL ALLEGATIONS
### Ms. Boals' Employment, and CCSO Policies and Procedures Relating to Victim Services

10.      Answering paragraphs 12 and 13 of Plaintiff's First Amended Complaint, Defendants admit.

11.      Answering paragraph 14 of Plaintiff's First Amended Complaint, Defendants deny for lack of specific knowledge.

12.      Answering paragraphs 15 and 16 of Plaintiff's First Amended Complaint, Defendants deny.

13.      Answering paragraph 17 of Plaintiff's First Amended Complaint, Defendants need not admit or deny the same.

14.      Answering paragraph 18 of Plaintiff's First Amended Complaint, Defendants admit only that the Start by Believing model was adopted by the County.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**
**(JURY DEMANDED) -  3.**

15.     Answering paragraph 19 of Plaintiff's First Amended Complaint, Defendants assert that any written policies speak for themselves. Defendants further answer the subparts of this paragraph as follows:

     a.     Subparts a through e: Deny.

16.     Answering paragraph 20 of Plaintiff's First Amended Complaint, Defendants deny. Defendants further answer the subparts of this paragraph as follows:

     a.     Subpart a: Defendants admit the first sentence but deny the second.

     b.     Subparts b and c: Deny.

17.     Answering paragraph 21 of Plaintiff's First Amended Complaint, Defendants deny.

18.     Answering paragraph 22 of Plaintiff's First Amended Complaint, Defendants deny.

19.     Answering paragraph 23 of Plaintiff's First Amended Complaint, Defendants assert that the protocol speaks for itself.

20.     Answering paragraph 24 of Plaintiff's First Amended Complaint, Defendants deny, including all subparts.

21.     Answering paragraph 25 of Plaintiff's First Amended Complaint, Defendants admit only that Victim Witness Coordinators played a role in fulfilling the mandate of Idaho Code § 19-5306 including treating victims with fairness, respect, dignity, and privacy.

### Ms. Boals' Initial Reports of Gender Discrimination and Illegal Activity

22.     Answering paragraph 26 of Plaintiff's First Amended Complaint, Defendant Canyon County admits. Said Defendant also admits the subparts of this paragraph.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
(JURY DEMANDED) - 4.**

23.     Answering paragraph 27 of Plaintiff's First Amended Complaint, Defendant Canyon County asserts that the text of Plaintiff's reviews speak for themselves.

24.     Answering paragraph 28 of Plaintiff's First Amended Complaint, Defendants deny.

25.     Answering paragraph 29 of Plaintiff's First Amended Complaint, Defendant Canyon County admits only that at during one investigation Detective Taylor did not believe a victim's account of an alleged sexual assault based on the information presented to him. Defendants deny all other allegations.

26.     Answering paragraph 30 of Plaintiff's First Amended Complaint, Defendant Canyon County denies.

27.     Answering paragraph 31 of Plaintiff's First Amended Complaint, Defendants admit.

28.     Answering paragraph 32 of Plaintiff's First Amended Complaint, Defendant Canyon County admits that Sgt. Gately met with Plaintiff. It also admits that Boals asked to be assigned to all of Taylor's cases, which request was denied. It also admits that Boals was told to come to Gately if she saw something she felt needed to be addressed.

29.     Answering paragraph 33 of Plaintiff's First Amended Complaint, Defendants deny for lack of specific knowledge.

30.     Answering paragraph 34 of Plaintiff's First Amended Complaint, Defendant Canyon County admits.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**
**(JURY DEMANDED) -  5.**

31.     Answering paragraph 35 of Plaintiff's First Amended Complaint, Defendant Canyon County denies for lack of specific knowledge, except that Defendant Canyon County denies Taylor had given permission for Boals to do so.

32.     Answering paragraph 36 of Plaintiff's First Amended Complaint, Defendant Canyon County admits, except that said Defendant denies Taylor did not include anyone else in the interview.

33.     Answering paragraph 37 of Plaintiff's First Amended Complaint, Defendants deny.

34.     Answering paragraph 38 of Plaintiff's First Amended Complaint, Defendant Canyon County denies.

35.     Answering paragraphs 39 and 40 of Plaintiff's First Amended Complaint, Defendants deny for lack of specific knowledge.

36.     Answering paragraph 41 of Plaintiff's First Amended Complaint, Defendant Canyon County denies.

37.     Answering paragraph 42 of Plaintiff's First Amended Complaint, Defendant Canyon County denies.

38.     Answering paragraph 43 of Plaintiff's First Amended Complaint, Defendant Canyon County admits the conversation happened and that Plaintiff made many assertions regarding Taylor, but denies Plaintiff's characterization of the conversation. Defendant Canyon County denies Gately became belligerent, that he yelled at her, or that he said, "Do you think you're a detective?".

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**
**(JURY DEMANDED) -  6.**

39.     Answering paragraphs 44 through 46 of Plaintiff's First Amended Complaint, Defendants deny for lack of specific knowledge.

40.     Answering paragraph 47 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff met with Sheriff Donahue, but deny the date thereof for lack of specific knowledge. Defendants also deny Gately and Gentry appeared unconcerned about violations of policy or law. Defendants generally admit to the content of the conversation between Plaintiff and Donahue.

### CCSO's Retaliation, Discrimination and Harassment

41.     Answering paragraphs 48 and 49 of Plaintiff's First Amended Complaint, Defendant Canyon County denies.

42.     Answering paragraph 50 of Plaintiff's First Amended Complaint, Defendants admit.

43.     Answering paragraph 51 of Plaintiff's First Amended Complaint, Defendant Canyon County denies.

### Sgt. Gately's Micromanagement of Ms. Boals' Schedule and Work

44.     Answering paragraphs 52 and 53 of Plaintiff's First Amended Complaint, Defendant Canyon County denies.

45.     Answering paragraphs 54 and 55 of Plaintiff's First Amended Complaint, Defendants deny for lack of specific knowledge.

46.     Answering paragraphs 56 through 58 of Plaintiff's First Amended Complaint, Defendant Canyon County denies.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT (JURY DEMANDED) -  7.**

47.     Answering paragraph 59 of Plaintiff's First Amended Complaint, Defendant Canyon County admits the WVCs were required to change the way they recorded after-hours and weekend time spent working.

48.     Answering paragraph 60 of Plaintiff's First Amended Complaint, Defendant Canyon County denies.

49.     Answering paragraphs 61 and 62 of Plaintiff's First Amended Complaint, Defendant Canyon County admits.

50.     Answering paragraph 63 of Plaintiff's First Amended Complaint, Defendant Canyon County denies.

51.     Answering paragraphs 64 through 66 of Plaintiff's First Amended Complaint, Defendant Canyon County denies.

52.     Answering paragraph 67 of Plaintiff's First Amended Complaint, Defendant Canyon County admits only that Gately required Plaintiff to inform him whenever she was not going to be in the office during working hours, and denies the remaining allegations.

53.     Answering paragraph 68 of Plaintiff's First Amended Complaint, Defendants deny for lack of specific knowledge.

54.     Answering paragraph 69 of Plaintiff's First Amended Complaint, Defendant Canyon County asserts that Plaintiff's evaluations speak for themselves.

55.     Answering paragraph 70 of Plaintiff's First Amended Complaint, Defendant Canyon County denies.

56.     Answering paragraph 71 of Plaintiff's First Amended Complaint, Defendant Canyon County asserts that the evaluation speaks for itself. Defendant Canyon County denies that Plaintiff was attending job-related duties outside of the office. Defendant Canyon County denies the remaining allegations for lack of specific knowledge.

57.     Answering paragraphs 72 and 73 of Plaintiff's First Amended Complaint, Defendants deny.

**Lt. Gentry's and Sgt. Gately's Prohibition against "After-Hours" Work**

58.     Answering paragraphs 74 and 75 of Plaintiff's First Amended Complaint, Defendant Canyon County denies.

59.     Answering paragraph 76 of Plaintiff's First Amended Complaint, Defendants admit that patrol could call Plaintiff or another WVC no matter what time it was.

60.     Answering paragraph 77 of Plaintiff's First Amended Complaint, Defendants deny.

61.     Answering paragraph 78 of Plaintiff's First Amended Complaint, Defendants admit Plaintiff was always allowed to speak to victims and return their phone calls before and after work. Defendants also admit that Plaintiff spoke to victims on a regular basis and that this was important to her job because it allowed her to maintain rapport and trust with victims.

62.     Answering paragraph 79 of Plaintiff's First Amended Complaint, Defendant Canyon County denies.

63.     Answering paragraph 80 of Plaintiff's First Amended Complaint, Defendant Canyon County admits.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
(JURY DEMANDED) - 9.**

64.     Answering paragraphs 81 and 82 of Plaintiff's First Amended Complaint, Defendant Canyon County denies.

65.     Answering paragraph 83 of Plaintiff's First Amended Complaint, Defendants deny for lack of specific knowledge.

## **VINE**

66.     Answering paragraph 84 of Plaintiff's First Amended Complaint, Defendant Canyon County denies.

67.     Answering paragraph 85 of Plaintiff's First Amended Complaint, Defendants assert that the statute speaks for itself.

68.     Answering paragraph 86 of Plaintiff's First Amended Complaint, Defendants admit.

69.     Answering paragraph 87 of Plaintiff's First Amended Complaint, Defendant Canyon County admits.

70.     Answering paragraph 88 of Plaintiff's First Amended Complaint, Defendant Canyon County admits as to High Risk names on VINE.

71.     Answering paragraph 89 of Plaintiff's First Amended Complaint, Defendant Canyon County denies.

72.     Answering paragraphs 90 and 91 of Plaintiff's First Amended Complaint, Defendant Canyon County denies.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
(JURY DEMANDED) -  10.**

## Further Discrimination, Harassment and Retaliation
## Causing Delay in Services to Female Victims

73.     Answering paragraphs 92 and 93 of Plaintiff's First Amended Complaint, Defendant Canyon County denies.

74.     Answering paragraph 94 of Plaintiff's First Amended Complaint, Defendant Canyon County denies the first sentence for lack of specific knowledge, and denies the second sentence.

75.     Answering paragraph 95 of Plaintiff's First Amended Complaint, Defendants deny.

76.     Answering paragraph 96 of Plaintiff's First Amended Complaint, Defendants deny for lack of specific knowledge.

77.     Answering paragraph 97 of Plaintiff's First Amended Complaint, Defendant Canyon County denies.

## Lt. Gentry's Prohibition Against Working with Partner Agencies

78.     Answering paragraphs 98 and 99 of Plaintiff's First Amended Complaint, Defendants deny.

79.     Answering paragraph 100 of Plaintiff's First Amended Complaint, Defendants admit.

80.     Answering paragraph 101 of Plaintiff's First Amended Complaint, Defendant Canyon County admits.

81.     Answering paragraph 102 of Plaintiff's First Amended Complaint, Defendant Canyon County denies.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**
**(JURY DEMANDED) -  11.**

## Ms. Boals' Constructive Discharge

82.     Answering paragraph 103 of Plaintiff's First Amended Complaint, Defendants deny any harassment or retaliation, or that any processes or systems were not being implemented. Defendants assert that Plaintiff's October 3, 2021 email speaks for itself.

83.     Answering paragraph 104 of Plaintiff's First Amended Complaint, Defendants assert the email speaks for itself.

84.     Answering paragraph 105 of Plaintiff's First Amended Complaint, Defendants admit.

85.     Answering paragraph 106 of Plaintiff's First Amended Complaint, Defendants deny the date alleged therein, but admit the meeting occurred and that Plaintiff was not invited.

86.     Answering paragraph 107 of Plaintiff's First Amended Complaint, Defendants deny.

87.     Answering paragraph 108 of Plaintiff's First Amended Complaint, Defendants admit the meeting took place, but deny Plaintiff's characterization of the intent of Donahue and Dashiell. Defendants deny the remaining allegations for lack of specific knowledge.

a.     Answering paragraph 109 of Plaintiff's First Amended Complaint, Defendants admit that Donahue drafted the October 25, 2021 letter, but deny the remaining allegations. In answering the subparts of this Paragraph, Defendants assert that the letter speaks for itself.

88.     Answering paragraph 110 of Plaintiff's First Amended Complaint, Defendants deny.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
(JURY DEMANDED) -  12.**

89.     Answering paragraph 111 of Plaintiff's First Amended Complaint, Defendant Canyon County denies for lack of specific knowledge.

90.     Answering paragraph 112 of Plaintiff's First Amended Complaint, Defendant Canyon County admits the inmate was in custody on a separate charge and that she attended a preliminary hearing that day. Defendant Canyon County also admits Plaintiff gave the inmate brownies with one or more candles as part of a birthday celebration. Defendant Canyon County denies the remaining allegations.

91.     Answering paragraphs 113 and 114 of Plaintiff's First Amended Complaint, Defendants admit.

92.     Answering paragraphs 115 and 116 of Plaintiff's First Amended Complaint, Defendants assert the letter speaks for itself.

93.     Answering paragraph 117 of Plaintiff's First Amended Complaint, Defendants deny.

94.     Answering paragraph 118 of Plaintiff's First Amended Complaint, Defendants deny any retaliation or harassment. Defendants further assert that Plaintiff's email speaks for itself.

95.     Answering paragraph 119 of Plaintiff's First Amended Complaint, Defendants assert that Donahue's response speaks for itself. Defendant denies Plaintiff's interpretation of that letter for lack of specific knowledge.

96.     Answering paragraphs 120 and 121 of Plaintiff's First Amended Complaint, Defendants deny for lack of specific knowledge.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
(JURY DEMANDED) -  13.**

97.     Answering paragraph 122 of Plaintiff's First Amended Complaint, Defendants admit Plaintiff applied for FMLA leave in October 2021, but deny it was approved.

98.     Answering paragraph 123 of Plaintiff's First Amended Complaint, Defendants deny Plaintiff could not return to work, but admit the remaining allegations.

99.     Answering paragraph 124 of Plaintiff's First Amended Complaint, Defendants the letter speaks for itself.

100.     Answering paragraph 125 of Plaintiff's First Amended Complaint, Defendants deny for lack of specific knowledge.

101.     Answering paragraph 126 of Plaintiff's First Amended Complaint, Defendants deny.

102.     Answering paragraph 127 of Plaintiff's First Amended Complaint, Defendants admit Plaintiff notified individuals she had resigned from her employment, but deny the remaining allegations.

103.     Answering paragraph 128 of Plaintiff's First Amended Complaint, Defendants assert the letter speaks for itself.

104.     Answering paragraphs 129 through 131 of Plaintiff's First Amended Complaint, Defendants deny.

105.     Answering paragraph 132 of Plaintiff's First Amended Complaint, Defendants assert that the letter speaks for itself.

106.     Answering paragraph 133 of Plaintiff's First Amended Complaint, Defendants deny.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**
**(JURY DEMANDED) -  14.**

107.     Answering paragraph 134 of Plaintiff's First Amended Complaint, Defendants deny for lack of specific knowledge.

108.     Answering paragraph 135 of Plaintiff's First Amended Complaint, Defendants deny.

## FIRST THROUGH THIRD CAUSES OF ACTION
**(Discrimination in the Terms and Conditions of Employment, in Violation of: Title VII; the IHRA; and Section 1983 and the Equal Protection Clause of the U.S. Constitution (against CCSO and Donahue)**

109.     Answering paragraph 136 of Plaintiff's First Amended Complaint, which purports to repeat and incorporate prior allegations, and to the extent any response is required to such allegations, Defendants reassert and incorporate by this reference its prior responses to all of such allegations.

110.     Answering paragraphs 137 through 147 of Plaintiff's First Amended Complaint, Defendants deny.

111.     Answering paragraph 148 of Plaintiff's First Amended Complaint, Defendants assert that the letter speaks for itself.

112.     Answering paragraph 149 of Plaintiff's First Amended Complaint, Defendants deny for lack of specific knowledge.

113.     Answering paragraphs 150 through 153 of Plaintiff's First Amended Complaint, Defendants deny.

114.     Answering paragraph 154 of Plaintiff's First Amended Complaint, Defendants deny for lack of specific knowledge.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT (JURY DEMANDED) -  15.**

115.    Answering paragraphs 155 through 160 of Plaintiff's First Amended Complaint, Defendants deny.

## FOURTH THROUGH SIXTH CAUSES OF ACTION
**(Hostile Work Environment, in Violation of: Title VII; the IHRA; and Section 1983 and the Equal Protection Clause of the U.S. Constitution (against CCSO and Donahue)**

116.    Answering paragraph 161 of Plaintiff's First Amended Complaint, which purports to repeat and incorporate prior allegations, and to the extent any response is required to such allegations, Defendants reassert and incorporate by this reference its prior responses to all of such allegations.

117.    Answering paragraphs 162 through 176 of Plaintiff's First Amended Complaint, Defendants deny.

## SEVENTH THROUGH NINTH CAUSES OF ACTION
**(Discriminatory Discharge in Violation of: Title VII; the IHRA; and Section 1983 and the Equal Protection Clause of the U.S. Constitution (against CCSO and Donahue)**

118.    Answering paragraph 177 of Plaintiff's First Amended Complaint, which purports to repeat and incorporate prior allegations, and to the extent any response is required to such allegations, Defendants reassert and incorporate by this reference its prior responses to all of such allegations.

119.    Answering paragraphs 178 through 190 of Plaintiff's First Amended Complaint, Defendants deny.

## TENTH THROUGH TWELFTH CAUSES OF ACTION
**(Retaliation in Violation of: Title VII; the IHRA; and Section 1983 and the Equal Protection Clause of the U.S. Constitution (against CCSO)**

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
(JURY DEMANDED) -  16.

120.    Answering paragraph 191 of Plaintiff's First Amended Complaint, which purports to repeat and incorporate prior allegations, and to the extent any response is required to such allegations, Defendants reassert and incorporate by this reference its prior responses to all of such allegations.

121.    Answering paragraph 192 through 198 of Plaintiff's First Amended Complaint, Defendants deny.

122.    Answering paragraph 199 of Plaintiff's First Amended Complaint, Defendants deny for lack of specific knowledge.

123.    Answering paragraph 200 through 204 of Plaintiff's First Amended Complaint, Defendants deny.

**THIRTEENTH CAUSE OF ACTION**
**(Whistleblower Retaliation in Violation of IPPEA, against CCSO)**

124.    Answering paragraph 205 of Plaintiff's First Amended Complaint, which purports to repeat and incorporate prior allegations, and to the extent any response is required to such allegations, Defendant Canyon County reasserts and incorporates by this reference its prior responses to all of such allegations.

125.    Answering paragraph 206 of Plaintiff's First Amended Complaint, Defendant Canyon County asserts that this is a legal conclusion and Defendant need not admit or deny the same.

126.    Answering paragraph 207 of Plaintiff's First Amended Complaint, Defendant Canyon County denies.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**
**(JURY DEMANDED) -  17.**

127.    Answering paragraphs 208 and 209 of Plaintiff's First Amended Complaint, Defendant Canyon County needs not admit or deny the same.

128.    Answering paragraphs 210 through 214 of Plaintiff's First Amended Complaint, Defendant Canyon County denies.

## FOURTEENTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

129.    Answering paragraph 215 of Plaintiff's First Amended Complaint, which purports to repeat and incorporate prior allegations, and to the extent any response is required to such allegations, Defendants reassert and incorporate by this reference its prior responses to all of such allegations

130.    Answering paragraph 216 of Plaintiff's First Amended Complaint, Defendants assert that these are Plaintiff's legal conclusions and Defendants need not admit or deny the same.

131.    Answering paragraphs 217 through 220 of Plaintiff's First Amended Complaint, Defendants deny.

132.    Plaintiff's First Amended Complaint last contains Plaintiff's requests for judgment and relief and to the extent any answer is required thereto, Defendants deny the allegations contained therein, deny that Plaintiff has stated any valid cause of action, or that the Plaintiff is entitled to any of the relief requested therein.

## FIRST DEFENSE

That Defendants have not been able to engage in sufficient discovery to learn all of the facts and circumstances relating to the matters described in the Plaintiff's First Amended Complaint and therefore request the Court to permit Defendants to amend their Answer and assert

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT (JURY DEMANDED) -  18.**

additional affirmative defenses or abandon affirmative defenses once discovery has been completed.

## SECOND DEFENSE

That the Plaintiff's First Amended Complaint fails to state a cause of action against Defendants upon which relief can be granted and should therefore be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## THIRD DEFENSE

That the Plaintiff has failed to act reasonably or to otherwise mitigate Plaintiff's damages, if any.

## FOURTH DEFENSE

That Defendants are immune from liability because the acts or omissions complained of, if any, were done by Defendants in good faith, with honest, reasonable belief that such actions were necessary and lawful at the time they occurred.

## FIFTH DEFENSE

All general immunities statutory or otherwise applicable.

## SIXTH DEFENSE

That the allegations contained in the Plaintiff's Complaint do not rise to the level of a deprivation of rights which are protected by the Constitution or any of the legal provisions referred to in the Plaintiff's Complaint.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT (JURY DEMANDED) - 19.**

## SEVENTH DEFENSE

That, to the extent that the Plaintiff is asserting any claims based upon state law, Defendants request that this Court abstain from deciding such matters.

## EIGHTH DEFENSE

That the Defendants acted in a reasonable and prudent fashion satisfying any duty, if any, that they owed under the rules, regulations, statutes, ordinances, customs, policies and usages of Canyon County, the State of Idaho and/or the United States of America.

## NINTH DEFENSE

To the extent that the Plaintiff is asserting state law claims against Defendants, some or all of such claims are barred by the failure of the Plaintiff to comply with the Idaho Tort Claims Act.

## TENTH DFENSE

To the extent that the Plaintiff is asserting state law claims, the liability, if any, of the Defendants for any state law claims or causes of action is limited pursuant to the provisions of the Idaho Tort Claims Act.   In asserting this defense, Defendants are in no way conceding or admitting liability.

## ELEVENTH DEFENSE

To the extent that the Plaintiff is asserting state law claims against the Defendants, some or all of such claims are barred since they arise out of and/or stem from activities for which the Defendants are immune from liability by virtue of the provisions of the Idaho Tort Claims Act.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT (JURY DEMANDED) -  20.**

## TWELFTH DEFENSE

That some or all of the Defendants are immune from liability because the acts or omissions complained of, if any, were done by said Defendants in good faith, with honest, reasonable belief that such actions were necessary and lawful at the time they occurred.

## THIRTEENTH DEFENSE

That the Plaintiff's Complaint fails to state a claim for relief against the Defendants entitling the Plaintiff to either punitive damages or equitable relief.

## FOURTEENTH DEFENSE

That the Defendants are immune from liability for punitive damages, if any, by state and federal law and/or court rulings.

## FIFTEENTH DEFENSE

That the Defendants are not liable in litigation pursuant to Title 42 U.S.C. § 1983, for any injury caused by the act or omission of another person under the theory of *respondeat superior*.

## SIXTEENTH DEFENSE

That some or all of the individually named Defendants are immune, or have qualified immunity, to the allegations contained in the Plaintiff's Complaint.

## SEVENTEENTH DEFENSE

That the acts or omissions, if any, of the Defendants were privileged.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
(JURY DEMANDED) -  21.**

## EIGHTEENTH DEFENSE

That some or all of the acts or omissions complained of by the Plaintiff against Canyon County did not arise as a result of, nor was there any custom, policy, procedure, agreement, or understanding which deprived the Plaintiff of any civil rights.

## NINTEENTH DEFENSE

That some or all of the Plaintiff's claims against these Defendants are barred by Plaintiff's failure to timely file their notice of claim as required by the Idaho Tort Claims Act, Idaho Code Section 6-906.

## TWENTIETH DEFENSE

That Plaintiff has failed to comply with the bonding requirement set forth in Idaho Code §6-610.

## ATTORNEY FEES

Defendants have been required to retain attorneys in order to defend this action and is entitled to recover reasonable attorney fees pursuant to federal and state law and applicable Rules of Civil Procedure.

WHEREFORE, Defendants pray for judgment against the Plaintiff as follows:

1.      That the Plaintiff's First Amended Complaint be dismissed with prejudice and that the Plaintiff take nothing thereunder.

2.      That Defendants be awarded their costs, including reasonable attorney fees pursuant to state and federal law and the applicable Rules of Civil Procedure.

3.      That judgment be entered in favor of Defendants on all claims for relief.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**
**(JURY DEMANDED) -  22.**

4.      For such other and further relief as the Court deems just and equitable under the circumstances.

DATED this 12th day of September, 2022.

CASTLETON LAW, PLLC


By */s/ Bruce J. Castleton*
        BRUCE J. CASTLETON, Of the Firm
        Attorneys for Defendants


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of September, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Erika Birch                              ericka@idahojobjustice.com
Kass Harstad                             kass@utahjobjustice.com
Strindberg Scholnick Birch
Hallam Harstad Thorne
1516 W. Hays St.
Boise, ID 83702
*Attorneys for Plaintiff*


*/s/ Bruce J. Castleton*
BRUCE J. CASTLETON


**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT (JURY DEMANDED) -  23.**