Erika Birch (Bar No.7831)
Kass Harstad (Bar No. 8419)
**STRINDBERG SCHOLNICK BIRCH**
**HALLAM HARSTAD THORNE**
1516 W. Hays St.
BOISE, ID 83702
(t) 208.336.1788
(f) 208.287.3708
Email: erika@idahojobjustice.com
         kass@utahjobjustice.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **ALESHEA L. BOALS**, <br><br> Plaintiff, <br><br> vs. <br><br> **CANYON COUNTY SHERIFF'S OFFICE; and SHERIFF KIERAN DONAHUE, in his individual capacity.** <br><br> Defendants. | **PROTECTIVE ORDER** <br><br> Civil No. 1:22-CV-00179-BLW <br><br> District Judge B. Lynn Winmill |

The above-captioned parties hereto having stipulated to the entry of a Protective Order pursuant to Federal Rule of Civil Procedure 26(c), and it appearing that such an Order is necessary, appropriate, and supported by good cause; IT IS HEREBY ORDERED THAT:

1. <u>"CONFIDENTIAL INFORMATION."</u> Any party or non-party may designate as "Confidential" any documents, responses, electronic data, transcripts, or other information, including Responses to Discovery (hereinafter, "Confidential Information") to be produced to the any party in this litigation, such as:

    a. Information related to sensitive health and/or medical issues and/or protected health

information;

b. Financial information;

c. Information related to reported crimes that would not otherwise be subject to disclosure pursuant to a public records request;

d. Confidential or proprietary trade secrets upon which foreseeable harm would result if public disclosure occurred;

e. Personnel information that is protected from public disclosure pursuant to Idaho Public Records Act;

f. Other information that upon a showing of good cause qualify for protection under Rule of Civil Procedure 26(c).

Documents may be designated as "Confidential" by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "**CONFIDENTIAL**."

2. <u>DESIGNATING CONFIDENTIAL INFORMATION</u>. The parties agree to exercise restraint and care in designating "Confidential Information." Each Party or applicable non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party shall consider whether appropriate redactions can address the need for confidentiality in lieu of designating a document as confidential. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated

for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

3. <u>USE OF CONFIDENTIAL INFORMATION IN LITIGATION</u>. Information produced or exchanged in the course of this case shall be used solely for the purposes of the prosecution or defense of this case and for no other purpose. Information or materials designated as "CONFIDENTIAL" shall not be made available to anyone other than persons upon whom disclosure is necessary for prosecution of this case, including:

   a. The above captioned Plaintiff(s) and Defendant(s) (and/or their designated representatives);

   b. Legal counsel of record for the above captioned Defendant(s) and Plaintiff, their respective office associates, legal assistants, secretaries and clerical employees;

   c. The Court and Court personnel;

   d. Court reporters transcribing testimony in the lawsuit;

   e. Any outside consultant or expert retained by the above captioned Defendant or Plaintiff for the purposes of this case and who have signed the attached Acknowledgement;

   f. The author of the document, any recipient of that document if said person came into possession of the document, information, or material during the normal course of his/her business and/or professional activities and said person was legally and properly to receive said document, information or materials, and any person whose name appears on a document;

   g. Any deponent in this matter;

   h. Any fact witness in this matter to whom disclosure is reasonably necessary and who have signed the attached Acknowledgement; and

   i. Such other persons as the parties may agree to in writing.

4. Notwithstanding the above, a party's right to use confidential information at a hearing, trial or other proceeding in this action shall be determined by the presiding judge. A judge may also require the redaction of personal identifiers of confidential information before use at a hearing, trial or other proceeding in this action. The designation of confidential information shall not affect the Court's determination as to whether the material shall be received into evidence; nor shall such designation constitute the authentication of such material or a waiver of any right to challenge the relevance, confidentiality or admissibility of such material. This Protective Order shall not govern the admission of evidence at trial in open court. Should a Designating Party believe that documents, materials or information designated as confidential should not be used in open court during trial, the Designating Party will have the burden to seek such protections from the court prior to trial.

5. <u>CHALLENGING DESIGNATION OF CONFIDENTIAL INFORMATION</u>. A party may object to the designation of particular "Confidential Information" by giving written notice to the party designating the disputed information. At all times, the party designating the information as "Confidential" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "Confidential."

  a. A party challenging the designation of "Confidential Information" must do so in good faith and not for any improper purpose, such as to harass, annoy, disparage, or inflict unnecessary burden and expenses upon opposing parties.

  b. The written notice shall identify the information to which the objection is made. The parties shall meet and confer in good faith to resolve the dispute within fourteen (14) days of written notice being served.

    c. If the parties cannot resolve the objection within fourteen (14) days after the time the notice is received, it shall be the obligation of the party designating the information as "Confidential" to file an appropriate motion, within thirty (30) days after the time the notice is received, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as "Confidential" under the terms of this Protective Order until the Court rules on the motion.

    d. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "Confidential" and shall not thereafter be treated as "Confidential" in accordance with this Protective Order, unless subsequently determined to be designated as "Confidential" by this Court.

6. <u>DURATION AND FINAL DISPOSITION</u>. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Within 60 days after the final disposition of this action, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all materials relevant to the case including but not limited to pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, discovery

materials, and consultant and expert work product, even if such materials contain Protected Material.

7. Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

8. A Party that seeks to file under seal any Protected Material must comply with Rule 5.2 of the Federal Rules of Civil Procedure and Rule 5.3 of the District Local Rules. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue and pursuant to *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). If a Receiving Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

IT IS SO ORDERED.

DATED:   December 16, 2022

DATED: **December 16, 2022**

B. Lynn Winmill
U.S. District Court Judge

_____
District Judge

EXHIBIT A
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ **[print or type full name]**, currently residing at _____ **[print or type full address]**, declare under penalty of perjury that I have read in its entirety and understand the **PROTECTIVE ORDER** that was issued by the Court in the case of *Boals v. Canyon County Sherriff's Office, et. al.*, 1:22-CV-00179-BLW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Date: _____

City and State where sworn and signed: _____

Telephone Number:_____

Printed name: _____

Signature: _____